## No. 1782.—VALERY SULAKOWSKI v. CYRUS FLINT et al.

The owners of a sea going vessel are responsible *in solido*, as common carriers, for money or gold taken on board as freight to be transported and delivered at the port of destination.

Where the evidence shows that the captain of the vessel received money on board of the ship as freight, and afterwards applied it to the payment of the expenses of the vessel on the trip, the owners of the vessel are liable *in solido*, for the amount thus received by the captain.

APPEAL from Fourth District Court of New Orleans. *Théard*, J. *N. H. Rightor*, for plaintiff and appellee. *Hornor & Benedict*, for defendant and appellant.

WYLY, J. The plaintiff claims of the defendants $815, in specie, with interest from — day of July, 1866, for this: On ninth June, 1866, he drew a certain draft on the house of D'Oleire & Co., at Vera Cruz, said draft being made payable to bearer; "that he intrusted the same for collection to N. B. Merrill, captain of the steamer Potomska, plying between the port of New Orleans and the city of Vera Cruz, the same being payable in gold, for the sum of thirteen hundred and nine dollars, the proceeds thereof to be brought to this city as freight on said vessel; that in pursuance of said contract, the captain took charge of said draft, and collected the amount thereof, which he applied to the payment of the expenses of said vessel, of which the said New and Flint were part owners at the time, and for whose use and behoof the expenditure of said fund did inure."

Plaintiff admits he received $494 of said fund, leaving the balance due him as aforesaid, for which he prays judgment.

Valery Sulakowski v. Cyrus Flint et al.

The defendant, Cyrus Flint, who alone was cited, excepted to plaintiff's petition, on the ground that it sets forth no cause of action against him. This exception was overruled by the court, and judgment was finally rendered on the merits in favor of the plaintiff for the amount claimed.

The defendant, Flint, has appealed.

The peremptory exception that the petition disclosed no cause of action was not well taken. It distinctly sets forth that the captain undertook to bring to this city, on freight, a sum of money in gold, on the vessel of which the defendant was part owner, which fund he applied to the payment of the expenses of said vessel, except $494 thereof, which was paid over by him.

The substance of plaintiff's case is plainly set forth; there is no obscurity or duplicity in the pleadings to surprise the defendant, and a judgment in favor of the latter would form res judicata; he can not, therefore, complain. 6 N. S. 128; 3 L. 292; 1 Rob. 470; 2 An. 655.

Our attention is directed to the bills of exceptions taken by the defendant to the introduction of the evidence. The first is as follows: The counsel for the plaintiff offered the testimony of Wm. Duncan and John Gilbert, to prove that the proceeds of a certain draft belonging to plaintiff had been used by Captain G. H. Merrill for the expenses of the steamship Potomska. The objection of the defendant was, that the testimony was hearsay, and not binding on defendant, Flint, who was not present; that there was no contract of affreightment, and the owners were not responsible for the funds of plaintiff as common carriers, no admissions of Captain Merrill being admissible against them; and that no bill of lading having been signed, and no freight charged, the vessel was not responsible, nor were the owners; and, therefore, the testimony was inadmissible as against them.

We think the District Judge did not err in overruling the exception. The plaintiff had the right to introduce the evidence of the witnesses to prove that his funds, collected by the captain, had been used to pay the expenses of the vessel, and that the admissions of the captain that he had done so could be proved by the witnesses; his admissions were not hearsay; a bill of lading or contract of affreightment is not the only evidence to establish the liability of the vessel and its owners for property taken on freight. Parol testimony is admissible to establish their liability as common carriers.

The next bill of exception is, that plaintiff's counsel offered to prove by V. Sulakowski, then on the stand, that "Captain Merrill stated under oath, he had used the balance of my money for the benefit of the vessel in purchasing coal and provisions."

The defendant's objections were, that no bill of lading having been signed, and no freight charged, the vessel was not responsible, nor were the owners, and therefore the testimony was inadmissible against

them; also, that there was no contract of affreightment, and the owners were not responsible as common carriers for plaintiff's funds, and no admission of Captain Merrill was evidence as against them.

We see no force in these objections, and think they were properly overruled.

The third bill of exceptions was to the admissibility of the testimony of the same witnesses to prove the funds of the plaintiff had been received on board the vessel and used by the captain for the purchase of coal and provisions.

This objection is but a repetition of the other two bills of exceptions, and we think the court did not err in admitting the testimony.

On the merits the case is clearly with the plaintiff. There is no doubt that the specie was received on freight on board the steamer Potomska, and that the captain used the amount thereof claimed, in payment of the necessary expenses during the voyage.

This case is not analogous to that of the Mechanics' and Traders' Bank v. Gordon, 5 An. 606, on which the defendant relies. There, Gordon, the captain, was merely the depositary of a letter or package, in the shape of a letter, and did not know whether it contained money or not. There was no information communicated to him to induce him to distinguish the package from others. It was notorious' that letters and packages of those patronizing the boat were put into the letter box or clerk's desk, and this was the care which was ordinarily given or expected, however valuable the letters or packages to the correspondents.

Under this state of facts, the court in that case held that neither the boat, nor the captain, was liable for the loss of the letter or package. In the case before us, however, the specie was received on board the vessel, and the amount thereof sued for was used by the captain in paying its expenses. Whether there was a bill of lading or not, the common carrier can not escape the liability attaching for the freight received on board the vessel. The defendant, as owner, became liable *in solido*, with the other owners for the funds of the plaintiff received on freight by the captain, and applied by him in the voyage for the benefit of the vessel. The act of Congress of third of March, 1851 (9 United States Statutes, 635), limiting the liability of shipowners for losses and injuries, to which we have been referred, has no application to the demand of plaintiff for the recovery of his funds on freight, used by the captain for the benefit of the vessel, of which the defendant was part owner.

On the whole, we are satisfied that the judgment appealed from is correct.

Judgment affirmed.